FLETCHER, Judge.
Robert M. Moreira, Jr. appeals and Aztec Group, Inc. [Aztec] cross-appeals from *1154 a judgment in Moreira’s action to recover a sales commission on a real estate transaction.[1] Moreira claims he was awarded less than what he was entitled to for the contested commission, while Aztec, his former employer, challenges the award of any commission. For the following reasons, we affirm the judgment below.
According to his agreement with Aztec, Moreira was entitled to receive his portion of any commission paid to Aztec for transactions which closed within six months after Moreira’s termination of employment. In September, 1995, Moreira and another Aztec salesperson, appellee Curtis Palmer, began cooperating in connection with their listings. Under the arrangement, Palmer would take the lead on apartment sales, Moreira would oversee the net lease and off shore business, and all fees earned by them would be distributed on a 5%o[2] basis. In January of 1997, Moreira and Palmer were asked to discontinue their arrangement and to provide Aztec with a memorandum of pending transactions subject to the B%o fee split. This action was filed by Moreira when his right to receive a share of the commission on one of the transactions was disputed.
The action was referred to a general master who determined that Moreira was entitled to 12.5% (and not 25%) of the total commission, a determination with which we agree. The parties’ contract provides that “[a]ny disputes regarding ... fee splits between Moreira and other associates ... shall be decided by Ezra Katz[3] in his sole discretion,” which provision Katz followed, exercising his contractual discretion to arrive at a 12.5% share for Moreira. However, Moreira argues that the dispute as to his share was not a bona fide one, having been invented solely to reduce his share. If the facts bore out Moreira’s argument we would agree that his commission share should be 25%. However, contrary to Moreira’s position, the record reveals a bona fide dispute existed as to the division of the commission, which was subject to Katz’ contractual discretion. As Katz exercised his discretion to resolve the dispute with a 12.5% share to Moreira, that is the share to which Moreira is contractually entitled and the share that Aztec is obligated to pay. We, therefore, affirm the trial court’s judgment, grant Moreira’s motion for attorney’s fees as against Aztec in connection with this appeal,[4] and remand the cause for the trial court’s determination of such fees.
Affirmed and remanded.

. Moreira also appeals a dismissal entered in favor of Curtis Palmer which we affirm without further discussion.

. That is, 50% each of their share of the total commission. As Aztec was to receive 50% of the total commission, Moreira's and Palmer’s shares were to be 25% each.

. CEO of Aztec.

. Notwithstanding Katz’ 12.5% resolution of the dispute, Aztec contended that Moreira was entitled to zero percent of the commission. Moreira is therefore the prevailing party- *1159 against the will of the other or intentionally causes bodily harm to "another person.”